**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 04-4845**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

HORACE B. COX,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Malcolm J. Howard, District Judge.  (CR-03-24)

───────────

Submitted:  September 26, 2005      Decided:  October 31, 2005

───────────

Before NIEMEYER, TRAXLER, and KING, Circuit Judges.

───────────

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

───────────

Dennis H. Sullivan, Jr., THE SULLIVAN LAW FIRM, P.C., Wilmington, North Carolina, for Appellant.  Frank D. Whitney, United States Attorney, Anne M. Hayes, Christine Witcover Dean, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Appellant Horace B. Cox pled guilty without the benefit of a plea agreement to one count of distribution of more than 5 grams of cocaine base and a quantity of cocaine hydrochloride, one count of distribution of more than 5 grams of cocaine base and one count of possession with intent to distribute more than 50 grams of cocaine base and more than 500 grams of cocaine hydrochloride, all in violation of 21 U.S.C. § 841(a)(1) (2000). After finding Cox was a career offender pursuant to U.S. Sentencing Guidelines Manual § 4B1.1 (2003), the district court sentenced Cox to 235 months' imprisonment. The district court also announced an alternate sentence pursuant to our instructions in United States v. Hammoud, 378 F.3d 426 (4th Cir.) (order), opinion issued by 381 F.3d 316 (4th Cir. 2004) (en banc), vacated, 125 S. Ct. 1051 (2005), of 18 years' or 216 months' imprisonment. Cox appeals, challenging the mandatory application of the sentencing guidelines. Because we find the court erred in applying the guidelines in a mandatory fashion, we vacate and remand the sentence for resentencing.

In United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), the Supreme Court held that Blakely v. Washington, 542 U.S. 296 (2004), applied to the federal sentencing guidelines and that the mandatory manner in which the guidelines required courts to impose sentencing enhancements based on facts found by the court by

a preponderance of the evidence violated the Sixth Amendment. Thus, when a defendant pleads guilty and is sentenced under the mandatory guidelines scheme, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at ___, 125 S. Ct. at 756. In addition, treating the guidelines as mandatory rather than only advisory, even without judicial fact finding, is error. United States v. White, 405 F.3d 208, 216-17 (4th Cir. 2005).

Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005) (applying Booker on plain error review). The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the guidelines range, the court should explain its reasons for the departure, as required by 18 U.S.C. § 3553(c)(2). Id. The sentence must be

"within the statutorily prescribed range and . . . reasonable."
Id. at 546-47.  The district court is under no obligation to impose the alternate sentence announced at sentencing.

Accordingly, while we affirm the convictions, we vacate the sentence and remand for resentencing.[1]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.[2]

AFFIRMED IN PART; VACATED
AND REMANDED IN PART

---

[1]We find it premature at this juncture to consider Cox's argument that the district court erred by finding that a conviction for trafficking in cocaine could be used as a predicate offense in order to declare Cox a career offender.

[2]Just as we noted in United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Cox's sentencing.